**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KEVIN JEROME FUELL,**

    **Petitioner,**

**v.**                                  **CIVIL ACTION NO. 1:04CV19**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On February 13, 2004, the *pro se* petitioner, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to have this Court vacate his conviction. Thereafter, on June 30, 2004, the petitioner filed a Motion for Supplemental Pleadings.

### II. FACTS

The petitioner pled guilty in the United States District Court for the Eastern District of Virginia of conspiracy to possess with the intent to distribute; aiding and abetting monetary transaction in property derived from unlawful activity; and aiding and abetting money laundering. He was sentenced to 292 months imprisonment. The petitioner did not appeal his conviction and sentence. The petitioner is currently serving his sentence at FCI-Morgantown, Morgantown, West Virginia, in the Northern District of West Virginia.

The petitioner filed a motion pursuant to 28 U.S.C. §2255 in the Eastern District of Virginia. His motion was denied on July 28, 2000. The petitioner also filed a petition under 28 U.S.C. §2241

in the Eastern District of North Carolina. The petition was denied. He then filed a petition for writ of certiorari with the United States Supreme Court which was denied. Now the petitioner seeks relief under 28 U.S.C. §2241 in this Court.

In his petition, the petitioner raises the following grounds:

1. The district court acted outside its jurisdiction by sentencing petitioner under a statute not stated in the indictment. Petitioner's indictment was for powder cocaine with the powder cocaine statute cited. Petitioner pled guilty to the powder cocaine statute, with those pleas being accepted, but was held accountable to 5 to 15 kilos of cocaine base and later sentence to the same, illegally.

2. Probable cause did not exist for initial stop and further detention after alleged traffic stop (speeding). Petitioner, in light of newly discovered evidence (suppression transcripts), challenge the constitutionality of subsequent detention and search. The facts clearly demonstrates that, a Maryland state trooper's actions was [sic] not justified at its inception and was not reasonably related in scope to the alleged speeding, woefully falling below petitioner's constitutional rights.

On June 30, 2004, the petitioner filed a Motion for Supplemental Pleadings in which he asserts that pursuant to Blakely v. Washington, ___ U.S. ___ , 124 U.S. 2531 (2004)[1] his sentence is illegal because he was sentenced for cocaine base instead of powder cocaine.

This matter, which is pending before me for Report and Recommendation pursuant to LR

---

[1] Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ___, 124 S.Ct. at 2537 (citations omitted).
Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

2

PL P 83.09, is ripe for review. As discussed below, the undersigned recommends that the petitioner's §2241 petition and motion for supplemental pleadings be denied.

### III. ANALYSIS

Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

There is nothing in the petitioner's §2241 petition or supplemental petition which establishes that he meets the Jones requirements. Even Blakely and Booker do not afford the petitioner relief under §2241 because they are rules of constitutional law, and thus, the petitioner can not meet the

third prong of Jones, supra.

Consequently, the petitioner has not demonstrated that §2255 is inadequate or ineffective, and he has improperly filed a §2241 petition.

### IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition and motion for supplemental pleading be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: April 7, 2005

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE