IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN JEROME FUELL,

    Petitioner,

v.                                              Civil Action No. 1:04CV19
                                                                            (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On April 2, 2004, the petitioner, Kevin Jerome Fuell ("Fuell"), appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. On June 30, 2004, the petitioner filed a motion for supplemental pleadings, requesting that the Court permit him to add claims related to the holding in Blakely v. Washington, 124 U.S. 2531 (2004).

On April 8, 2005, Magistrate Judge Kaull filed a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this

report.  The petitioner filed objections to the report and recommendation on April 15, 2005.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II.  Facts

The petitioner originally pled guilty to conspiracy to possess with the intent to distribute, aiding and abetting a monetary transaction in property derived from unlawful activity, and aiding and abetting money laundering in the United States District Court for the Eastern District of Virginia.  The court sentenced him to 292 months of imprisonment.  The petitioner did not appeal his conviction and sentence.  He is currently serving his sentence at FCI-Morgantown, Morgantown, West Virginia.

The petitioner filed a motion to vacate, correct or amend his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Virginia, which was denied in July 2000.  He also filed a petition

under 28 U.S.C. § 2241 in the Eastern District of North Carolina, which was denied. He then filed a writ of certiorari with the Supreme Court of the United States, which was also denied.

In the present action, the petitioner challenges his conviction and sentence on the following grounds: (1) the district court was without jurisdiction to sentence the petitioner pursuant to a statute not included in the indictment; specifically, he pled guilty to a cocaine powder offense but was held accountable for 5 to 15 kilos of cocaine base; and (2) probable cause did not exist for the initial stop and further detention after the alleged traffic stop. In his motion for supplemental pleading, the petitioner also asserts that his sentence was illegal pursuant to Blakely v. Washington, 124 U.S. 2531 (2004), because he was sentenced for cocaine base rather than powder cocaine.

### III. Discussion

In his report and recommendation, the magistrate judge found that the petitioner improperly filed a § 2241 motion to seek remedies that are only available under 28 U.S.C. § 2255. The magistrate judge noted that any petition under § 2241 must address the petitioner's commitment or detention, rather than the imposition of sentence. The magistrate judge concluded that a petitioner can seek relief under § 2241 only if § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328 (4th Cir. 2000). The magistrate judge found that the petitioner

3

cannot meet the requirements set by the United States Court of Appeals for the Fourth Circuit to demonstrate that § 2255 is an ineffective remedy. See id.[1] Further, the magistrate judge noted that <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), do not permit the petitioner to seek relief under § 2241 because they are rules of constitutional law, and thus implicate the third prong of <u>Jones</u>. Based on this finding, the magistrate judge recommended that the § 2241 petition be denied and dismissed with prejudice.

The petitioner objects on the grounds that his inability to file a second or successive motion under § 2255 makes that remedy inadequate or ineffective to test the legality of his detention. Further, he asserts that § 2255 is inadequate because the Supreme Court has not made <u>Blakely</u> retroactive to cases on collateral review. Finally, he argues that, pursuant to the holding in <u>Blakely</u>, the sentence in his case was in clear error and, pursuant

---

[1] The Fourth Circuit stated in <u>Jones</u> that:

§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and his first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333-34.

to Booker and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this Court should notice the error and vacate his sentence.

After reviewing the record, this Court is unpersuaded by the petitioner's argument that a § 2241 petition is appropriate because he is barred from filing a second or successive § 2255 motion. The statute plainly states:

> A second or successive motion must be certified as provided in section 2244 [28 USCS § 2244] by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Thus, this form of relief may be available to him if his second or successive petition is approved by the Fourth Circuit. Further, this Court notes that "the fact that petitioners are barred from filing a successive § 2255 motion does not render § 2255 'inadequate or ineffective.'" Pagan San-Miguel v. Dove, 291 F.3d 257, 261 (4th Cir. 2002).

In addition, this Court cannot accept the petitioner's argument that he is entitled to relief pursuant to § 2241 because the Supreme Court has not made Booker retroactive to cases on collateral review. The third prong of Jones plainly states that § 2241 is only implicated if "the prisoner cannot satisfy the gate-

5

keeping provisions of § 2255 because the new rule is not one of constitutional law." 226 F.3d at 334. <u>Blakely</u> and its progeny are clearly constitutional in nature -- this is undisputed. Moreover, this Court cannot permit the petitioner to file a § 2241 on the grounds that he anticipates that a successive § 2255 motion is futile. As previously noted, the fact that the petitioner is barred from filing a second § 2255 motion does not make § 2241 an available remedy for him.

## IV. <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, and because the remaining findings are not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, this § 2241 petition is DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of

Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 29, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE